TAGGED

ORDERED in the Southern District of Florida on 11-17-10.



*Raymond B. Ray*
Raymond B. Ray, Judge
United States Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov
Broward Division

In re:

DANIEL BERNARD RUBENS and
JANINE ANN RUBENS,                    Case No. 10-10142-BKC-RBR

Debtors.                              Chapter 13

_____/

## ORDER GRANTING MOTION FOR CLARIFICATION

**THIS MATTER** came before the Court on October 14, 2010 at 1:00 p.m. in Fort Lauderdale, Florida, upon the Debtors' Motion for Clarification of Order Granting Motion To Value And Determine Secured Status Of Lien On Real Property Held By BankAtlantic (the "Motion for Clarification") [D.E. 149], filed by the Debtors. The Court took the matter under advisement and directed Debtors' counsel to submit a proposed order.

The Court, having reviewed the Motion for Clarification [D.E. 149], the Court file and having considered argument of counsel, does **FIND, ORDER, AND ADJUDGE** as follows:

On January 5, 2010 (the "Petition Date"), the Debtors commenced this case by filing a voluntary petition under chapter 13 of the Bankruptcy Code [D.E. 1]. The Debtors' schedules reflect that as of the Petition Date, the Debtors' combined noncontingent, liquidated unsecured

debts were $218,755.48 and the Debtors' combined noncontingent, liquidated secured debts were $1,001,804.64 [D.E. 1].[1]

The Debtors listed on Schedule A the value of their real property, located at 724 NE 16th Terrace, as $375,000, with a total secured claim against the homestead in the amount of $656,019.64. Schedule D listed a claim secured by a first mortgage of $288,104.68 in favor of Chase, a claim secured by a second mortgage of $185,221.32 in favor of Chase, and a claim secured by a third mortgage of $182,693.64 in favor of BankAtlantic. The "unsecured portion, if any" was listed as zero (0) next to each of these three creditors.

On February 18, 2010, the Debtors filed an Amended Motion to Value and Determine Secured Status of Lien on Real Property (the "Motion to Value") [D.E. 37]. The Debtors sought a determination that the debt owed to BankAtlantic was wholly unsecured based upon the value of the real property subject to BankAtlantic's lien.

On March 25, 2010, the Court conducted a hearing on the Motion to Value and on March 29, 2010, the Court entered the Order Granting the Motion To Value (the "Order") [D.E. 43]. The Court found that the value of the Debtors' real property located at 724 NE 16th Terrace, was $375,000, the total of all claims secured by liens on that property was $473,326, and therefore there was no equity remaining in the property. BankAtlantic's claim was allowed as a secured claim in the amount of $0. Paragraph 4 of the Order provided that if BankAtlantic filed a proof of claim, it was to be treated as an unsecured claim.

On April 26, 2010, BankAtlantic filed claim number 23-1 asserting a claim in the amount of $182,009.24.

On September 16, 2010, the Trustee objected to confirmation of the Debtors' plan arguing that the Debtors were ineligible to be debtors under chapter 13 because the unsecured claim of BankAtlantic resulted in unsecured claims against the Debtors that exceeded the debt limitations imposed pursuant to 11 U.S.C. § 109(e).

---

[1] The Debtors later amended their schedules to reflect unsecured debts of $252,143.81 [D.E. 47].

On September 20, 2010, the Debtors filed the Motion for Clarification [D.E. 149], seeking clarification of the Order. The Debtors argue that since the unsecured portion of the BankAtlantic debt was contingent and not liquidated on the Petition Date, the BankAtlantic debt should not be included in the calculation of debt under section 109(e) of whether the Debtors qualify for chapter 13.

Section 109(e) of the Bankruptcy Code bases a chapter 13 debtor's eligibility on the debtor having secured and unsecured debts that are less than specified amounts. This section provides, in relevant part, that

> [o]nly . . . an individual with regular income and such individual's spouse . . . that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $336,900 and noncontingent, liquidated, secured debts of less than $1,010,650 may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e).[2]

It is obvious that the Court must value the secured and unsecured debts "on the date of the filing of the petition." *Id.* The question is **how** are secured and unsecured debts determined on the date of the filing of the petition—should the form of the debtor's schedules be the sole determining factor for shaping the secured or unsecured status of debts, or may the court look outside the debtor's schedules and examine the substance of the debts.

Looking first to the Bankruptcy Code, section 506 allows for the "Determination of secured status." This section provides in part,

> [a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

11 U.S.C. § 506(a)(1). After a creditor has filed a proof of claim and upon objection, "the court, after notice and a hearing, shall determine the amount of such claim . . . as of the date of the filing of the petition . . . . " 11 U.S.C. § 502(b).

---

[2] The debt limitations were raised on April 1, 2010 to $360,475 and $1,081,400, respectively.

There is a split of authority concerning whether section 506(a) applies in the application of section 109(e). A minority of courts hold that section 506(a) is inapplicable in the section 109(e) eligibility analysis; instead, a court should "rely primarily upon the debtor's schedules checking only to see if the schedules were made in good faith . . . . " *Comprehensive Accounting Corp. v. Pearson (In re Pearson)*, 773 F.2d 751, 756 (6th Cir. 1985) (citing *In re King*, 9 B.R. 376 (Bankr. D. Or. 1981)); see also *In re Scovis,* 249 F.3d 975, 982 (9th Cir. 2001) (holding that the rule for determining eligibility should be normally determined by the original schedules if filed in good faith); *In re Morton*, 43 B.R. 215, 220 (Bankr. E.D.N.Y. 1984) (finding that "[t]he focus of section 109(e) is of *debts* existing at the time of filing while the focus of section 506(a) is of *claims* existing and *allowed* well beyond the filing date"). A majority of courts look outside the debtor's bankruptcy schedules to determine whether the amount of a debtor's undersecured portion of debts should be included in the unsecured debt limitation of section 109(e). See *In re Claro-Lopez*, No. 10-13260-AJC, 2010 WL 2787621, at *2–3 (Bankr. S.D. Fla. Jul. 14, 2010) (adopting the majority view and importing a section 506(a) analysis into the section 109(e) eligibility determination); *In re Steffens*, 343 B.R. 696, 698 (Bankr. M.D. Fla. 2005) (finding the debtors ineligible for chapter 13 notwithstanding what the debtors listed in their schedules); *Grenchik v. Grenchik (In re Grenchik)*, 386 B.R. 915, 917–18 (Bankr. S.D. Ga. 2007) (recognizing the authority from "[a]ll of the circuit courts and the vast majority of bankruptcy courts"). In looking beyond the debtor's bankruptcy schedules, these courts hold that the undersecured portion of a secured creditor's claim is counted as unsecured debt for purposes of the section 109(e) eligibility analysis.

This Court aligns itself with the majority of courts, however limits its holding to the facts of this case. The Court is not constrained by the Debtors' classification of secured and unsecured debt on their schedules. Although the Debtors listed zero (0) as the unsecured portion of BankAtlantic's debt in their schedules, the Court will not blindly take as true that zero value. The Court is free to compare the value of the property with the value of the liens on the property, just as the Debtors asked this Court to do in their Motion to Value [D.E. 37].

Therefore, as of the Petition Date, the entire third mortgage was unsecured. Not only does this result prevent raising form over substance, but it also prevents debtors from manipulating the figures on their schedules merely to achieve a favorable result. *See In re Day*, 747 F.2d 405, 407 (7th Cir. 1984) (explaining that a prospective debtor can create a security interest in property with little or no value and thereby easily circumvent the unsecured debt limitation); *In re Bos*, 108 B.R. 740, 742 (Bankr. D. Mon. 1989) (explaining that it would be unfair for a debtor to value a secured claim higher while repayment for that same claim upon confirmation would be repaid at a lower amount).

Therefore it is

**ORDERED** that the Motion for Clarification [D.E. 149] is **GRANTED**. As of the Petition Date, the Debtors' noncontingent, liquidated, unsecured debts were, in the aggregate, more than $336,900. Accordingly, the Debtors are not eligible for relief under chapter 13. The clerk is directed to **DISMISS** this case if the Debtors do not file a Motion to Convert this case within ten (10) days.

####

Copies to:

Debtors
Trustee
US Trustee
All other interested parties